IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ALVIN PARKER,                       )
                                    )
       Petitioner,                 )
                                    )
v.                                  )   Case No. CIV-10-1395-D
                                    )
JANE STANDIFIRD, Warden,            )
                                    )
       Respondent.                 )

## REPORT AND RECOMMENDATION

Mr. Parker seeks habeas relief, urging denial of equal protection when he was unable to obtain parole.[1] The Respondent moves for dismissal based on:

- nonexhaustion of state court remedies,

- failure to state a valid claim involving denial of equal protection,

- absence of a protected liberty interest, and

- inability to order immediate release.[2]

The Court should reject each argument.

---

[1] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at p. 6 (Dec. 29, 2010) ("Petition").

[2] Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus (Feb. 24, 2011) ("Motion to Dismiss").

Construction of the Petitioner's Habeas Petition

The Petitioner filed the habeas petition on a form used in cases arising under 28 U.S.C. § 2254.[3] But Mr. Parker acknowledges that the action is governed by Section 2241, rather than Section 2254, of Title 28.[4]

The Standard for the Motion to Dismiss

Federal statutory law does not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion.[5]

The Respondent does not invoke a particular rule, but generally relies on Mr. Parker's failure to state a valid claim.[6] This argument implicates Federal Rule of Civil Procedure 12(b)(6).[7]

A motion to dismiss under Rule 12(b)(6) should be granted when a petitioner has failed to plead "enough facts to state a claim to relief that is plausible on its face."[8] "A claim

---

[3] Petition at p. 1.

[4] Petitioner's Response Brief at p. 2 n.2 (Mar. 15, 2011) ("Petitioner's Response"). He is challenging the denial of parole, which would concern the execution of his sentence. *See*, *e.g.*, *Jones v. Hannigan*, 1 Fed. Appx. 856, 858 (10th Cir. Jan. 9, 2001) (unpublished op.) ("challenges to parole procedures concern the execution of a petitioner's sentence"). This type of claim is governed by 28 U.S.C. § 2241. *See id.* (stating that a petition filed under Section 2254, which challenged parole procedures, was properly considered under Section 2241).

[5] *See* Fed. R. Civ. P. 81(a)(4).

[6] Motion to Dismiss at pp. 9-10.

[7] *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas petition arises under Fed. R. Civ. P. 12(b)(6)).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged."[9] In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the petition and construe them in the light most favorable to Mr. Parker.[10]

### Mr. Parker's Alleged Failure to Exhaust His State Court Remedies

In part, the Respondent seeks dismissal for nonexhaustion of state court remedies.[11] The Court should reject the argument for dismissal on this issue.

Section 2241 does not contain an express exhaustion requirement, but the Tenth Circuit Court of Appeals has held that exhaustion of available state remedies "is a prerequisite for . . . habeas relief."[12] A petitioner may satisfy the exhaustion requirement by showing either:

- "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or

- "that at the time he filed his federal petition, he had no available state avenue of redress."[13]

---

[9] *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

[10] *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

[11] Motion to Dismiss at p. 3.

[12] *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

[13] *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

Mr. Parker admits that he has not presented his claims in a state court appeal, but argues that he had no remedies available in the Oklahoma courts.[14] The Petitioner is correct.

As Mr. Parker points out, he lacked a remedy in state court unless he could show entitlement to immediate release.[15] But even a successful petition in state court would not have entitled Mr. Parker to immediate release.

In Oklahoma, the parole board recommends inmates for parole, but the power to grant parole "rests solely with the Governor."[16] Thus, "[n]either the statutes nor the [Oklahoma] Constitution permit [the courts to place an inmate on parole]."[17] Without the possibility of immediate release, the Petitioner lacked an available state court remedy and the Court should reject the Respondent's argument for dismissal based on a failure to exhaust state court remedies.[18]

---

[14] Petition at pp. 6, 8; Petitioner's Response at pp. 3-4.

[15] *See Berryhill v. State*, 43 P.3d 410, 411 (Okla. Crim. App. 2002) ("For a writ of habeas corpus Petitioner must establish that . . . he is entitled to immediate release." (citations omitted)); *Scales v. Walters*, 905 P.2d 233, 235 (Okla. Crim. App. 1995) (rejecting a mandamus petition challenging a parole decision because "[a] writ of mandamus will not be granted . . . unless . . . the prisoner would be entitled to immediate release").

[16] *Fields v. Driesel*, 941 P.2d 1000, 1005 (Okla. Crim. App. 1997) (citations omitted); *see also* Okla. Const. art. 6, § 10 (stating that the Pardon and Parole Board is to make parole recommendations to the Governor, who would then have the sole power to grant parole).

[17] *Hall v. State*, 306 P.2d 361, 362 (Okla. Crim. App. 1957); *see also Campbell v. State*, 373 P.2d 844, 848 (Okla. Crim. App. 1962) (holding that the court lacked authority to parole a prisoner because the power to grant parole was "vested by constitution and statute in the executive branch of our government").

[18] *See Ex parte Boots*, 163 P.2d 856, 856 (Okla. Crim. App. 1945) (holding that a habeas action under Oklahoma law was unavailable to challenge a clemency decision because this power had been vested solely in the Governor).

## Mr. Parker's Alleged Failure to State a
## Valid Claim for Denial of Equal Protection

The Respondent also seeks dismissal based on Mr. Parker's failure to plead a valid equal protection claim.[19] The Court should reject this argument for dismissal.

I.  Elements of the Petitioner's Equal Protection Claim

According to the habeas petition, parole authorities treated Mr. Parker more harshly than other persons convicted of the same offense. This theory is known as a "class-of-one" because it is based on discrimination against only one person, the claimant. To prevail on this theory,[20] Mr. Parker must show that:

- authorities had intentionally treated him differently than similarly situated persons and

- the difference in treatment was objectively irrational.[21]

When viewed favorably to Mr. Parker, the allegations in the habeas petition would plausibly indicate satisfaction of both elements.

Mr. Parker alleges that the parole board had "intentionally" treated similarly-situated inmates differently without any "rational relation between the dissimilar treatment and any

---

[19]  Motion to Dismiss at pp. 4-5.

[20]  Under *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), a potential issue exists regarding the continued viability of a "class-of-one" theory in an equal protection claim involving denial of parole. In *Engquist*, the Supreme Court held that in an employment context, the claimant cannot base denial of "equal protection" on a "class-of-one" theory because of the discretion afforded to the employer. *Engquist v. Oregon Department of Agriculture*, 553 U.S. at 595-97. The Court need not address the continued viability of a "class-of-one" theory under *Engquist* because the Respondent has not raised the issue.

[21]  *See Willlowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*).

legitimate penal interest."[22] This statement is supported by specific factual allegations in the petition. For example, he states that he has served 25 years in prison for second-degree murder[23] and that inmates convicted of first-degree murder obtain parole in 22½ years.[24] From these allegations, one can reasonably infer intentional differences in treatment without a reasonable justification for the disparity.

II. The Respondent's Arguments

In defense, the Respondent challenges the Petitioner's proof of differential treatment and lack of a rational relationship to a penological interest. These arguments do not entitle Ms. Standifird to dismissal under Rule 12(b)(6).

A. Dissimilarity Between Mr. Parker and the Other Inmates Who Obtained Parole

In part, Ms. Standifird argues that "Petitioner's case is diametrically different than any of the offender's [sic] he chose to name and the defendants' [sic] stand in different situations both in fact and in treatment under the sentencing laws."[25] However, the Respondent does not cite any support for her assertions and they are not part of the record for purposes of the motion to dismiss.[26]

---

[22] Petition at p. 6.

[23] Petition at pp. 1, 6-6(a).

[24] Petition at p. 6.

[25] Motion to Dismiss at p. 5.

[26] *See* W.D. Okla. LCvR 7.1(j) ("Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court.").

Ms. Standifird may be relying on Mr. Parker's acknowledgment that the other inmates identified in the petition had not been convicted "of murdering a white police officer like petitioner."[27] This possibility would not salvage the Respondent's argument.

To be considered "similarly situated," the claimant and his comparators must be similar "in all material respects."[28] But the habeas petition does not state why parole was denied,[29] and the Court cannot speculate about the materiality of possible differences between the parolees and Mr. Parker with respect to the different outcomes.

    B.    Rational Relationship Between the Dissimilar Treatment and a Legitimate Governmental Interest

The Respondent alternately argues that the parole board's "policy and procedures . . . are rationally related to the legitimate governmental interest in public safety . . . ."[30] However, Ms. Standifird does not point to anything in the petition which would tie the denial of parole to a policy or procedure that promotes public safety.[31]

---

[27]     Petition at p. 6a.

[28]     *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1212 (10th Cir. 2006).

[29]     *See infra* note 31.

[30]     Motion to Dismiss at p. 5.

[31]     In the petition, the motion to dismiss, and the Petitioner's response brief, the parties have not provided information about the stated reasons for denial of Mr. Parker's request for parole. The Petitioner has alluded to the fact that the denial was related to his underlying crime, the killing of a police officer or security guard. *See* Petition at p. 7; Petitioner's Response at pp. 4-5. But it is unclear:

- whether Mr. Parker was actually denied parole for that reason and

- if he was, whether the decision was based on a policy involving public safety.

C.  Conclusion

If the allegations in the petition are true, as the Court must assume,[32] the parole board:

- treated Mr. Parker differently than similarly situated murderers

- without a rational penological interest.

This "factual content" allows the Court to reasonably infer denial of the Petitioner's right to equal protection.[33]

Mr. Parker's Alleged Lack of a Liberty Interest in Parole

Ms. Standifird also seeks dismissal on grounds that the Petitioner lacks a liberty interest in parole.[34] But a liberty interest is unnecessary to an equal protection claim.[35] As a result, the Court should reject this argument.[36]

---

[32]     *See supra* p. 3.

[33]     *See supra* pp. 2-3.

[34]     Motion to Dismiss at pp. 5-9.

[35]     *See Candelaria v. Griffin*, 641 F.2d 868, 870 (10th Cir. 1981) (*per curiam*) ("The absence of a liberty interest . . . does not deprive plaintiff of his right to the equal protection of the laws."); *accord Thigpen v. Bibb County, Georgia, Sheriff's Department*, 223 F.3d 1231, 1236-37 (11th Cir. 2000) ("The district court's identification of a property or liberty interest as a required element in an equal protection claim is erroneous because the text of the Fourteenth Amendment demonstrates that property and liberty interests are irrelevant to equal protection claims."); *De Hoyos v. Mukasey*, 551 F.3d 339, 343 (5th Cir. 2008) (*per curiam*) ("the existence of a liberty interest is not a 'threshold inquiry' in an equal protection analysis" (citation omitted)).

[36]     The Respondent also challenges the viability of claims involving denial of due process or adoption of an *ex post facto* law. Motion to Dismiss at pp. 5-10. But the Petitioner has not asserted such claims. *See* Petitioner's Response at p. 6 ("Petitioner never makes or suggests any due process claim to be considered for parole on an annual basis in his habeas petition.").

### Mr. Parker's Alleged Inability to Obtain Release

Finally, the Respondent seeks dismissal on grounds that Mr. Parker is not entitled to immediate release.[37] This argument is also unconvincing.

Although the Court would not order immediate release even if Mr. Parker were to prevail,[38] a lesser remedy could be available. "[A] district court may exercise its broad authority in habeas cases to grant any relief it deems necessary . . . ."[39] Indeed, the Tenth Circuit Court of Appeals has squarely held that a writ of habeas corpus may be available in the circumstances presented here (when a state prisoner alleges denial of equal protection in the decision to decline parole).[40] Consequently, the Court's inability to order release would not justify dismissal of the habeas petition.

### Summary

The Court should deny the Respondent's motion to dismiss.

---

[37] Motion to Dismiss at pp. 10-11.

[38] *See supra* p. 4 (discussing the governor's exclusive responsibility to decide whether to grant parole after a favorable recommendation by the parole board).

[39] *Hannon v. Maschner*, 981 F.2d 1142, 1145 (10th Cir. 1992).

[40] *Hines v. Jenks*, 89 Fed. Appx. 189, 191 (10th Cir. Feb. 20, 2004) (unpublished op.).

## Notice of the Right to Object

The parties enjoy the right to object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by April 25, 2011.[41] The failure to timely object would foreclose appellate review of the suggested ruling.[42]

## Status of the Referral

The referral is discharged.

Entered this 8th day of April, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[41] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[42] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").