IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
|              Petitioner, | ) |
| v. | ) Case No. CIV-10-1395-D |
| JANE STANDIFIRD, Warden, | ) |
|              Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Bacharach recommends that Respondent's Motion to Dismiss be denied and that the Petition, construed as one seeking a writ of habeas corpus under 28 U.S.C. § 2241, be permitted to proceed. Both parties have filed timely written objections, and each party has been allowed to respond to the other's objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks federal habeas relief based on a claim that the Oklahoma Pardon and Parole Board violated an equal protection right under the Fourteenth Amendment by denying him parole at his last opportunity for consideration in December, 2010.[1] Petitioner's stated theory of relief is that "similarly situated inmates have intentionally been treated differently by the parole board, and there is no rational relation between the dissimilar treatment and

---

[1] Petitioner's prior parole bids have also resulted in habeas petitions, all of which have been unsuccessful. *See*, *e.g.*, *Parker v. Dinwiddie*, No. 08-6124, 2009 WL 175053 (Jan. 27, 10th Cir. 2009); *Parker v. Sirmons*, 152 F. App'x 705 (10th Cir. 2005).

any legitimate penal interest." *See* Petition [Doc. No. 1] at 6. In support of this theory, Petitioner alleges that inmates convicted of first-degree murder and sentenced to life imprisonment have been granted parole in 22 and one-half years, which is the average time served by this class of prisoners. He lists seven persons recommended for parole in 2008 who were serving life sentences for killing victims between 1978 and 1995. *See id*. at 6-6a. Petitioner was convicted of second-degree murder in 1990 for shooting an off-duty police officer in 1985, and received a 199-year prison sentence. *See Parker v. Champion*, 148 F.3d 1219, 1220-21 (10th Cir. 1998) (summarizing history of criminal case). Petitioner complains that he has served 25 years of his sentence and, unlike him, the parolees "were not convicted of murdering a white police officer." *See* Petition [Doc. No. 1] at 6a. Petitioner requests an order that he "is entitled to release on parole." *See id*. at 10.

Respondent, appearing through counsel for the Pardon and Parole Board, has moved to dismiss the Petition for lack of exhaustion of state court remedies, failure to state an equal protection claim, failure to state a due process claim (lacking a constitutionally protected liberty interest), and failure to state any cognizable basis for relief. Upon consideration of these issues, Judge Bacharach finds that Petitioner has no available state court remedy, that the Petition states a plausible equal protection claim, and that a "lesser remedy" than immediate release may be available. *See* Report [Doc. No. 21] at 9. Specifically, Judge Bacharach finds sufficient factual allegations to support a "class-of-one" equal protection theory of relief. *See id*. at 5. Although noting some doubt about the viability of this theory following *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), Judge Bacharach declines to address the issue. *See* Report [Doc. No. 21] at 5 n.20.[2]

---

[2] The Court held in *Engquist* that a class-of-one claim cannot be asserted in the context of public employment because an employment decision is inherently "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify" and, thus, the class-of-one theory "is simply a poor
(continued...)

Petitioner objects to the Report because Judge Bacharach fails to make a recommendation about whether the Petition should be granted and fails to order Respondent to answer the Petition. Petitioner also states that Judge Bacharach has mischaracterized his claim as asserting a class-of-one theory. According to Petitioner: "The theory was not applicable to the facts set out in petitioner's habeas petition, which primarily raises the issue of whether differences in treatment between groups of prisoners are justified. Accordingly, that portion of the magistrate's R&R should be modified." *See* Petr.'s Objection [Doc. No. 23] at 2, n.2. Respondent objects to all of Judge Bacharach's findings, particularly the finding that the Petition states a cognizable equal protection claim. On this point, which is dispositive, the Court agrees with Respondent.[3]

A "class of one" equal protection claim has been recognized "where the plaintiff alleges she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Because the Petition includes similar language, Judge Bacharach understandably assumes that Petitioner intended such a claim. However, the factual allegations of the Petition do not fit this theory, under which "a plaintiff must first establish that others, 'similarly situated in every material respect' were treated differently" and "must then show this difference in treatment was without rational basis." *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011)

---

[2](...continued)
fit" in this context. *See Engquist*, 553 U.S. at 604-05.

[3] Because, as explained below, no federal constitutional claim is stated, the Petition may be denied on the merits without regard to exhaustion, as expressly permitted by 28 U.S.C. § 2254(b)(2). *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008)("a court may deny an application on the merits without reviewing the exhaustion question").

(quoting *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006)).[4] The court of appeals has emphasized a strict reading of "the requirement that comparators be similarly situated *in all material respects*" to address "the main concern with the class-of-one theory – that it will create a flood of claims in that area of government action where discretion is high and variation is common." *See id.* at 1218 (emphasis in original). In cases "where the government actor enjoys a broader range of discretion, and may properly base a decision on a myriad of potentially relevant variables, . . . the plaintiff must account for a wide range of characteristics in identifying similarly situated individuals." *See id.* Further, under the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a plaintiff must offer enough specific factual allegations to state a plausible claim that similarly situated persons were treated differently. *See Collins*, 656 F.3d at 1219. For example, in *Collins*, where property owners alleged that they had been singled out for enforcement of environmental laws, the court of appeals found it insufficient "to simply allege that other, unidentified properties have 'comparable' or 'similar' conditions — the claim must be supported by specific facts plausibly suggesting the conditions on the properties and the properties themselves are similar in all material respects." *Id.* at 1220.

In this case, the Petition provides no factual allegations to establish that Petitioner and the identified parolees were similarly situated in every material respect. To the contrary, the Petition states that Petitioner was convicted of a different offense (second-degree murder rather than first-degree murder), received a different sentence (199 years instead of life), and had a particular type

---

[4] In *Collins*, decided after Judge Bacharach issued his Report, the Tenth Circuit declined to "consider the outer reaches of" the Supreme Court's decision in *Engquist* because the claim in that case "fail[ed] under existing case law." *See id.* at 1217 n.1. The Tenth Circuit noted, however, that the other circuits have read *Engquist* to apply more broadly than the employment context. *Id.*

of victim (a law enforcement officer).[5]  By statute, the parole board is instructed to consider the inmate's criminal record and to "inquir[e] into the conduct and the record of [the inmate] during his custody in the Department of Corrections, which <u>shall</u> be considered as a basis for consideration of [the inmate] for recommendation to the Governor for parole."  *See* Okla. Stat. tit. 57, § 332.7(H) (emphasis added).  Petitioner fails to allege a similarity between himself and the paroled inmates with respect even to these statutory factors.  Therefore, the Court finds that the Petition fails to state a class-of-one equal protection claim.

Of course, Petitioner states that he never intended to state such a claim.  As identified by Petitioner, his claim is that some unidentified group of prisoners was treated differently from some other group.  Petitioner's allegations provide no hint of any alleged characteristic or classification on which the different treatment was based, or any identifiable group for which equal treatment should be afforded.  The Petition makes a reference to the race of Petitioner's victim, but Petitioner does not appear to be asserting a claim of race-based discrimination.  Where, as here, "bare equal protection claims are simply too conclusory to permit a proper legal analysis," the pleading fails "to raise any plausible equal protection claims."  *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009).

For these reasons, the Court declines to adopt the Report and Recommendation [Doc. No. 21].  Because Petitioner has failed to state a federal constitutional claim, the Petition is subject

---

[5] In a previous petition challenging his 2004 parole hearing, Petitioner alleged that the parole board's decision was based "on the factor that his victim was a police officer," and accepting this allegation as true, the court of appeals concluded that "the fact that a prisoner was convicted of killing a police officer, as opposed to a civilian citizen, shows a lack of respect for authority and a unique danger to society that bears a rational relationship to his likelihood to adjust to society upon release."  *See Parker v. Sirmons*, 152 F. App'x 705, 708-09 (10th Cir. 2005).

to dismissal with prejudice for lack of merit. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss [Doc. No. 13] is granted, and the Petition [Doc. No. 1] is dismissed with prejudice to refiling. Judgment will be entered accordingly.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. No. 32], Motion for Advance of Cause [Doc. No. 39], and Motion to Amend Prayer for Relief [Doc. No. 42] are denied as moot.

IT IS SO ORDERED this 9th day of November, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE