IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-10-1395-D |
| JANE STANDIFIRD, Warden, | ) |
| Respondent. | ) |

**O R D E R**

  Petitioner, a state prisoner appearing *pro se*, has filed an Application for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 49]. Petitioner seeks to appeal the Order of November 21, 2011, denying leave to amend his habeas petition to challenge a parole decision pursuant to 28 U.S.C. § 2241. Petitioner has also filed a separate Motion to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. No. 51] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 53].

  Petitioner is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Defendant is not required to demonstrate that his appeal will succeed to be entitled to a COA, but he must "prove something more than the absence of frivolity or the existence of mere good faith."

*Miller-El*, 537 U.S. at 338. Upon consideration of Petitioner's Application and the case record, the Court finds that Petitioner has not made the requisite showing. Therefore, his request for a COA must be denied.

To proceed *in forma pauperis* on appeal, Petitioner must show both that he is unable to pay the required fees and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1) & (3); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). A showing of good faith requires the presentation of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999), *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Upon consideration, the Court finds that Petitioner has demonstrated a financial inability to pay the appellate filing fees but he has not identified a reasoned, nonfrivolous issue or supporting argument to be presented on appeal. Accordingly, the Court finds that Petitioner's appeal is not taken in good faith. Therefore, Petitioner is not entitled to proceed without prepayment of the filing fees for his appeal.

IT IS THEREFORE ORDERED that Petitioner's Application for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 49], as well as his Motion to Proceed *In Forma Pauperis* [Doc. No. 51] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 53], are DENIED. Petitioner is advised that unless the $455.00 appellate filing fee is paid in full to the Clerk of this Court within 30 days of the date of this Order, the appeal may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 14th day of December, 2011.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE